# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF COLUMBIA

**CALIFORNIA AIR RESOURCES BOARD,**
1001 I Street
Sacramento, CA 95814

                         Plaintiff,

    **v.**

**UNITED STATES ENVIRONMENTAL
PROTECTION AGENCY,**
1200 Pennsylvania Avenue, N.W.
Washington, D.C. 20460

**NATIONAL HIGHWAY TRAFFIC SAFETY
ADMINISTRATION,**
1200 New Jersey Avenue, S.E.
Washington, D.C. 20590

                       Defendants.

Case No. 20-1293

## **COMPLAINT**

### **INTRODUCTION**

1. Plaintiff California Air Resources Board ("CARB") brings this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, for declaratory, injunctive, and other appropriate relief against the United States Environmental Protection Agency ("EPA") and the National Highway Traffic Safety Administration ("NHTSA") (collectively "Agencies") for ongoing violations of Sections 552(a)(6)(A)(i), and 552(a)(6)(B)(i) of FOIA, as well as the Agencies' regulations implementing FOIA.

2. This case concerns information underlying federal actions to preempt state authority to set and enforce automobile emissions standards that protect public health and the environment.

1

These actions are serious and consequential.  They threaten public health and the environment, undercut incentives for innovation that drive economic growth, and contravene the cooperative federalism structure established by Congress.

3. Serious flaws in the Agencies' conclusions purportedly supporting these actions are evident.

4. The Agencies did not provide CARB or the public with analyses on which such conclusions could rest.

5. Accordingly, CARB submitted FOIA requests to both Agencies for records concerning such analyses.

6. Specifically, CARB sought records supporting the conclusion that preempting CARB's zero-emission vehicle (ZEV) regulations would not impact emissions of criteria pollutants[1] or otherwise hinder California from meeting its responsibilities under the Clean Air Act.

7. This complaint seeks release of these critical records.

8. CARB issued FOIA requests to EPA and NHTSA on December 10, 2019.

9. NHTSA has failed to provide any response regarding the requests for records.

10. EPA belatedly acknowledged the request, but without support or authority, stated its intention to delay its response until December 31, 2020, over a year after CARB made the request.

11. CARB seeks immediate release of the requested agency records from EPA and NHTSA, and other relief as set forth below.

---

[1] As used herein, "criteria pollutants" refers to those pollutants for which EPA has established one or more National Ambient Air Quality Standards under the Clean Air Act.  This includes, but is not limited to, ozone and particulate matter, which together form smog.

12. On information and belief, NHTSA is refusing to comply with its obligations under FOIA in order to avoid admitting that it cannot locate any records supporting its conclusions that preemption of California's ZEV standards will have no impact on criteria emissions.

13. On information and belief, EPA is refusing to comply with its obligations under FOIA in order to avoid admitting that it cannot locate any records supporting its conclusions that revocation of CARB's waiver of federal preemption under the Clean Air Act for California's ZEV standards will have no impact on criteria emissions.

## PARTIES

14. Plaintiff CARB is a California state agency charged with "coordinating efforts to attain and maintain ambient air quality standards, to conduct research into the causes of and solutions to air pollution, and to systematically attack the serious problem caused by motor vehicles, which is the major source of air pollution in many areas of the state." Cal. Health & Saf. Code § 39003.

15. Defendant EPA is an agency of the United States federal government with responsibility for environmental protection, including adopting and enforcing federal greenhouse gas emissions standards for motor vehicles. EPA is an agency of the United States federal government within the meaning of 5 U.S.C. § 552(f)(1). EPA has possession of and control over agency records that CARB seeks, which CARB has properly requested pursuant to FOIA and EPA's implementing regulations.

16. Defendant NHTSA is a component agency of the United States Department of Transportation responsible for, inter alia, adopting and enforcing motor vehicle fuel economy standards. NHTSA is an agency of the United States federal government within the meaning of 5 U.S.C. § 552(f)(1). NHTSA has possession of and control over agency records that CARB

seeks, which CARB has properly requested pursuant to FOIA and NHTSA's implementing regulations.

## JURISDICTION AND VENUE

17. This Court has subject-matter jurisdiction over this action and personal jurisdiction over the parties for purposes of this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. §§ 1331 and 1361.

18. Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B), which grants the district court of the United States in the District of Columbia jurisdiction to enjoin federal agencies from withholding agency records and to order the production of any agency records improperly withheld from a complainant.

19. This Court has authority to grant declaratory relief pursuant to 28 U.S.C. § 2201.

20. This Court has authority to grant injunctive relief pursuant to 28 U.S.C. § 2202 and 5 U.S.C. § 552(a)(4)(B).

## STATUTORY AND REGULATORY BACKGROUND

21. FOIA requires that federal agencies release records to any person, upon request, unless one of nine statutory exemptions from disclosure applies.  5 U.S.C. § 552(a)-(b).  "Any reasonably segregable portion of a record shall be provided to any person requesting such record after deletion of the portions which are exempt."  5 U.S.C. § 552(b).

22. Within twenty business days of an agency's receipt of a FOIA request, the agency must issue a determination resolving the request, and must "immediately notify" the requester of "such determination and the reasons therefor." 5 U.S.C. § 552(a)(6)(A)(i)(I); 40 C.F.R. § 2.104(a) (2020); 49 C.F.R. § 7.31(a)(2) (2020).

23. An agency may only delay its response to a request if "unusual circumstances" (as described by FOIA) exist.  Even in this event, the agency's time to respond is extended by no more than ten days, absent mutual agreement otherwise with the requestor.  5 U.S.C. § 552(a)(6)(B)(i); 40 C.F.R. § 2.104(d) (2020); 49 C.F.R. § 7.34(a) (2020).  Any such extension must be "by written notice" to the requester, "setting forth the unusual circumstances for such extension and the date on which a determination is expected." *Id.*

24. An agency must "promptly" release non-exempt records (or reasonably segregable portions of records) requested in accordance with FOIA.  5 U.S.C. § 552(a)(6)(C)(i).

25. If an agency fails to comply with the statutory time limits for issuing and communicating determinations as to requests and appeals, the requester is deemed to have exhausted their administrative remedies and may immediately file suit. 5 U.S.C. §§ 552(a)(4)(B), (a)(6)(C)(i); 49 C.F.R. § 7.33(a)(2) (2020); 40 C.F.R. § 2.104(a) (2020).

26. FOIA grants federal district courts the authority to enjoin an agency from withholding agency records and "to order the production of any agency records improperly withheld."  5 U.S.C. § 552(a)(4)(B).

27. FOIA permits the courts to grant "reasonable attorney fees and other litigation costs reasonably incurred in any case under this section in which the complainant has substantially prevailed."  5 U.S.C. § 552(a)(4)(E)(i).

## FACTS

### Background

28. In August 2018, EPA and NHTSA issued a joint proposal entitled "The Safer Affordable Fuel-Efficient ('SAFE') Vehicles Rule for Model Years 2021-2026 Passenger Cars and Light Trucks."  83 Fed. Reg. 42,986 (Aug. 24, 2018).

29. In this joint proposal, the Agencies proposed to drastically weaken federal greenhouse gas emission and fuel economy standards for light-duty cars and trucks, beginning with the 2021 model year.  *Id.* at 42,988.

30. The Agencies also proposed several actions with respect to state greenhouse gas emission standards.

31. Among other things, EPA proposed to withdraw the portions of a Clean Air Act preemption waiver it had granted to California in 2013 corresponding to California's greenhouse gas emission and ZEV standards for model years 2021 through 2025.  *Id.* at 43,240.

32. NHTSA proposed to promulgate a regulation purporting to declare state greenhouse gas emission and ZEV standards for light-duty cars and trucks preempted by the Energy Policy and Conservation Act of 1975.  *Id.* at 43,234.

33. On September 19, 2019, the Agencies issued and signed their final actions with respect to state greenhouse gas emission and ZEV standards.  Most relevant here, EPA withdrew the portions of the waiver it had previously granted to California for its ZEV standards under section 209 of the Clean Air Act.  84 Fed. Reg 51,310 (Sept. 27, 2019).  At the same time, NHTSA finalized its Preemption Regulation purporting to declare state ZEV standards preempted by the Energy Policy & Conservation Act.  *Id*.

34. EPA and NHTSA assert that there will be no impact to criteria emissions from the waiver withdrawal and Preemption Regulation.  *Id.* at 51,337, 51,353.

35. However, neither agency provided analysis supporting their conclusions of no criteria emissions impacts from the waiver withdrawal and Preemption Regulation.

//

//

## CARB's FOIA Request Letters to the Agencies

36. CARB sent a letter to EPA dated December 10, 2019, requesting records as follows:

> 1. All emissions analyses and other records regarding the U.S. Environmental Protection Agency's (U.S. EPA) conclusion that revoking CARB's waiver of federal preemption under the Clean Air Act for its zero-emission vehicle (ZEV) regulations does not have any impacts on emissions of criteria pollutants or effects on California's attainment of national ambient air quality standards under the Clean Air Act, as stated, for instance, at 84 Fed. Reg. 51,310, 51,337, 51,353 (Sept. 27, 2019).

This information is required to evaluate the support for the determination of no impact to criteria emissions from this portion of EPA's waiver withdrawal.  It will also be useful for ongoing litigation on the merits of the waiver withdrawal.  A true and correct copy of this letter is attached hereto as **Exhibit A.**

37.  On the same day, December 10, 2019, CARB sent NHTSA a letter requesting three categories of records:

> 1. All emissions analyses and other records regarding the National Highway Traffic Safety Administration's (NHTSA) conclusions that preempting CARB's zero-emission vehicle (ZEV) regulations does not have any impact on emissions of criteria pollutants, as stated, for instance, at 84 Fed. Reg. 51,310, 51,353 (Sept. 27, 2019).

> 2. All emissions analyses and other records regarding NHTSA's analysis of the impacts on emissions of criteria pollutants resulting from federal preemption of state ZEV laws or regulations.

> 3. All emissions analyses and other records regarding NHTSA's conclusion that preempting CARB's ZEV regulations does not have any conformity impacts on California's responsibilities under the Clean Air Act and ability to attain national ambient air quality standards under the Clean Air Act, as stated at 84 Fed. Reg. at 51,355-56.

This information is required to evaluate the support for the determination of no impact to criteria emissions from NHTSA's Preemption Regulation.  It will also be useful for ongoing litigation on the merits of the Preemption Regulation.  A true and correct copy of this letter is attached hereto as **Exhibit B**.

38. CARB's FOIA requests to EPA and NHTSA properly requested waiver of searching and copying fees for CARB's requests.

39. CARB's FOIA request to EPA complied in all respects with all applicable laws and agency regulations, including but not limited to 5 U.S.C. § 552 and EPA's regulations implementing FOIA.

40. CARB's FOIA requests to NHTSA complied in all respects with all applicable laws and agency regulations, including but not limited to 5 U.S.C. § 552 and NHTSA's regulations implementing FOIA.

41. EPA and NHTSA received the requests on December 10, 2019.  Responses were therefore due on January 9, 2020.

### EPA's Acknowledgement of Receipt

42. By email on December 19, 2019, EPA indicated it assigned CARB's request FOIA tracking number EPA-HQ-2020-001821, and noted it was processing the request.  A true and correct copy of the email communication is attached hereto as **Exhibit C**.

43. By letter dated February 25, 2020, EPA stated that "Pursuant to 40 C.F.R. § 2.104(d), an extension of time is necessary to respond," so "we are extending the due date until December 31, 2020."  A true and correct copy of this letter is attached hereto as **Exhibit D.**

44. 40 C.F.R. § 2.104.(d) (2020) relates to tolling a request pending clarification from the requestor or to resolve fee issues.

45. EPA did not identify any lack of clarity in CARB's request or identify clarification or fees as the reason for the unauthorized unilateral extension of time by nearly a year.

46. Neither clarification nor fees provides a basis for extension here.

47. EPA is required to provide records in its possession responsive to CARB's request, or affirm that it searched for, but could not locate, any responsive records.

48. As of May 14, 2020, the EPA FOIA website (https://foiaonline.gov/foiaonline/action/public/submissionDetails?trackingNumber=EPA-HQ-2020-001821&type=request) indicates the agency is still assigning the request and has not begun taking action to process it.

49. EPA has neither made a determination in conformance with 5 U.S.C. § 552(a)(6)(A)(i) nor exercised due diligence in processing CARB's request.

### NHTSA's Response

50. NHTSA has provided no response to or acknowledgment of CARB's request.

51. NHTSA has not exercised due diligence in processing CARB's request.

52. NHTSA's failure to address CARB's request for this information constitutes a failure to make and convey a determination as required by 5 U.S.C. § 552(a)(6)(A)(i).

### CARB Has Exhausted Administrative Remedies

### EPA Exhaustion

53. In a letter sent on March 16, 2020, CARB notified EPA that EPA had failed to comply with the time limit under FOIA for making and conveying determinations as to CARB's request.  A true and correct of that letter is attached hereto as **Exhibit E.**

54. EPA has provided no response to CARB's March 16 letter, and EPA has ignored additional subsequent communication attempts from CARB.

55. CARB has exhausted all administrative remedies as to its request to EPA because EPA has failed to comply with the time limit under FOIA for making and conveying determinations as to CARB's request.

**NHTSA Exhaustion**

56. As of the date that this complaint was filed, CARB has not received a determination from NHTSA regarding CARB's FOIA requests.

57. CARB has exhausted all administrative remedies as to its requests to NHTSA because NHTSA has failed to comply with the time limit under FOIA for making and conveying determinations as to CARB's requests.

## CLAIMS FOR RELIEF

### First Claim – EPA's Violation of FOIA

58. Paragraphs 1-57, inclusive, are realleged and incorporated herein by reference.

59. EPA's failure to make and convey a determination as to CARB's December 10, 2019 request for records, and timely produce all non-exempt records (or reasonably segregable non-exempt portions of any response records deemed to be exempt) violates FOIA (5 U.S.C. §§ 552(a)(6)(A)(i), 552(a)(6)(B)(i), 706(1)) and EPA's own corresponding regulations (40 C.F.R. § 2.104(a) and (d) (2020)).

60. CARB has a statutory right to have EPA process its request in a manner that complies with FOIA.  5 U.S.C. §§ 552(a)(3), 706(1).

### Second Claim – NHTSA's Violation of FOIA

61. Paragraphs 1-60, inclusive, are realleged and incorporated herein by reference.

62. NHTSA's failure to make and convey determinations as to CARB's December 10, 2019 requests for records, and timely produce all non-exempt records (or reasonably segregable non-exempt portions of any response records deemed to be exempt) violates FOIA (5 U.S.C. §§ 552(a)(6)(A)(i), 552(a)(6)(B)(i)), 706(1)) and NHTSA's own corresponding regulations (49 C.F.R. § 7.31(a)(2) (2020)).

63. CARB has a statutory right to have NHTSA process its requests in a manner that complies with FOIA. 5 U.S.C. §§ 552(a)(3), 552(b); 49 C.F.R. § 7.23(b), (d) (2020)).

**PRAYER FOR RELIEF**

WHEREFORE, CARB respectfully requests that the Court grant relief as follows:

1. Declare that EPA's and NHTSA's failures to timely make and convey determinations regarding CARB's respective FOIA requests are unlawful;

2. Declare that EPA's and NHTSA's failures to produce non-exempt records (and reasonably segregable non-exempt portions of any responsive records deemed to be exempt) responsive to CARB's respective FOIA requests are unlawful;

3. Order EPA and NHTSA to each immediately conduct searches that are reasonably calculated to locate all records responsive to CARB's requests;

4. Order EPA and NHTSA to each make available to CARB all non-exempt agency records that are responsive to CARB's requests, as well as all reasonably segregable non-exempt portions of any responsive records deemed to be exempt, on a rolling basis as the records are located, without charging search or copying fees;

5. Order EPA and NHTSA to each complete their respective productions of records to CARB by a date certain;

6. Order EPA and NHTSA to each produce indexes identifying any responsive agency records (or portions thereof) being withheld as exempt from disclosure, and the basis for the withholding, promptly upon determining to withhold such records;

7. Retain jurisdiction over this action to rule on any assertions by EPA or NHTSA that any responsive records, in whole or in part, are exempt from disclosure;

8. Award CARB its costs and reasonable attorneys' fees in this action as provided by 5 U.S.C. § 552(a)(4)(E); and

9. For such other relief as the Court may deem just and proper.

Dated:  May 15, 2020                          Respectfully submitted,

                                              XAVIER BECERRA
                                              Attorney General of California
                                              MYUNG J. PARK
                                              Supervising Deputy Attorney General
                                              MATTHEW G. BULLOCK
                                              Deputy Attorney General


                                               /s/ Ryan R. Hoffman

                                              RYAN R. HOFFMAN
                                              Deputy Attorney General
                                              California Department of Justice
                                              Office of the Attorney General
                                              455 Golden Gate Avenue, Suite 11000
                                              San Francisco, CA 94102
                                              (415) 510-4448
                                              Ryan.Hoffman@doj.ca.gov
                                              California State Bar Number 283297

                                              *Attorneys for Plaintiff California Air Resources Board*

## **INDEX TO EXHIBITS**

**Exhibit A** – CARB's December 10, 2019 FOIA request letter to EPA

**Exhibit B** – CARB's December 10, 2019 FOIA request letter to NHTSA

**Exhibit C** – EPA's December 19, 2019 email to CARB

**Exhibit D** – EPA's February 25, 2020 letter to CARB

**Exhibit E** – CARB's March 16, 2020 letter to EPA

Exhibit A



Gavin Newsom, Governor
Jared Blumenfeld, CalEPA Secretary
Mary D. Nichols, Chair

December 10, 2019


National Freedom of Information Officer
National FOIA Office
U.S. Environmental Protection Agency
1200 Pennsylvania Avenue, NW (2310A)
Washington, D.C. 20460

Re:    Request for Information Under the Freedom of Information Act (5 U.S.C. § 552)

Dear National Freedom of Information Officer:

Pursuant to the Freedom of Information Act (FOIA), 5 U.S.C. § 552, as amended, and
its implementing regulations, the California Air Resources Board (CARB) makes the
following request for records:

1.  All emissions analyses and other records regarding the U.S. Environmental
    Protection Agency's (U.S. EPA) conclusion that revoking CARB's waiver of
    federal preemption under the Clean Air Act for its zero-emission vehicle (ZEV)
    regulations does not have any impacts on emissions of criteria pollutants or
    effects on California's attainment of national ambient air quality standards
    under the Clean Air Act, as stated, for instance, at 84 Fed. Reg. 51,310, 51,337,
    51,353 (Sept. 27, 2019).

If it is your position that any portion of any requested record is exempt from disclosure
notwithstanding FOIA's presumption of openness, we request that you provide an
index of those records describing each document claimed as exempt with sufficient
specificity "to permit a reasoned judgment as to whether the material is actually
exempt under FOIA." *Founding Church of Scientology of Washington, D.C. v. Bell*,
603 F.2d 945, 949 (D.C. Cir. 1979); *Vaughn v. Rosen*, 484 F.2d 820 (D.C. Cir. 1973).

CARB also requests a waiver of searching and copying fees for this request.  CARB is a
noncommercial, governmental organization.  Under FOIA and U.S. EPA's regulations,
federal agencies waive such fees where disclosure is likely to contribute to public
understanding of the operations and activities of the government and disclosure is not
primarily in the commercial interest of the requester.  *See* 5 U.S.C. § 552(a)(4)(A)(iii); 40
C.F.R. § 2.107(1)(*l*).  This request is for non-commercial purposes; CARB is a state
regulatory agency with no commercial interest in the requested information.  This
request is also in the public interest, as it seeks information not provided in explaining

National Freedom of Information Officer
December 10, 2019
Page 2

U.S. EPA's rationale for its final action in the Safer Affordable Fuel Efficient (SAFE) Vehicles Rule Part One: One National Program.

If this request for a fee waiver is denied, please contact us before incurring any costs in responding to this request.  We ask that you provide your responses electronically, if possible, and on a rolling basis.  If you have any questions or wish to clarify any part of this request, please do not hesitate to contact Attorney Wesley Dyer at Wesley.Dyer@arb.ca.gov or 916-445-4299.  We look forward to receiving your response to this request within twenty (20) business days as required by FOIA.

Sincerely,

Steven S. Cliff, Ph.D.
Deputy Executive Officer
California Air Resources Board

# Exhibit B



Gavin Newsom, Governor
Jared Blumenfeld, CalEPA Secretary
Mary D. Nichols, Chair

December 10, 2019


National Highway Traffic Safety Administration
Executive Secretariat
1200 New Jersey Avenue, SE
West Building, 41-304
Washington, D.C. 20590

Re:     Request for Information Under the Freedom of Information Act (5 U.S.C. § 552)

Dear Executive Secretariat:

Pursuant to the Freedom of Information Act (FOIA), 5 U.S.C. § 552, as amended, and its implementing regulations, the California Air Resources Board (CARB) makes the following request for records:

1. All emissions analyses and other records regarding the National Highway Traffic Safety Administration's (NHTSA) conclusion that preempting CARB's zero-emission vehicle (ZEV) regulations does not have any impact on emissions of criteria pollutants, as stated, for instance, at 84 Fed. Reg. 51,310, 51,353 (Sept. 27, 2019).

2. All emissions analyses and other records regarding NHTSA's analysis of the impacts on emissions of criteria pollutants resulting from federal preemption of state ZEV laws or regulations.

3. All emissions analyses and other records regarding NHTSA's conclusion that preempting CARB's ZEV regulations does not have any conformity impacts on California's responsibilities under the Clean Air Act and ability to attain national ambient air quality standards under the Clean Air Act, as stated at 84 Fed. Reg. at 51,355–56.

If it is your position that any portion of any requested records is exempt from disclosure notwithstanding FOIA's presumption of openness, we request that you provide an index of those records describing each document claimed as exempt with sufficient specificity "to permit a reasoned judgment as to whether the material is actually exempt under FOIA." *Founding Church of Scientology of Washington, D.C. v. Bell*, 603 F.2d 945, 949 (D.C. Cir. 1979); *Vaughn v. Rosen*, 484 F.2d 820 (D.C. Cir. 1973).

Executive Secretariat
December 10, 2019
Page 2


CARB also requests a waiver of searching and copying fees for this request.  CARB is a noncommercial, governmental organization.  Under FOIA and NHTSA's regulations, federal agencies waive such fees where disclosure is likely to contribute to public understanding of the operations and activities of the government and disclosure is not primarily in the commercial interest of the requester.  *See* 5 U.S.C. § 552(a)(4)(A)(iii); 7 C.F.R. § 7.43(c).  This request is for non-commercial purposes; CARB is a state regulatory agency with no commercial interest in the requested information.  This request is also in the public interest, as it seeks information not provided in explaining NHTSA's rationale for its final action in the Safer Affordable Fuel Efficient (SAFE) Vehicles Rule Part One: One National Program.

If this request for a fee waiver is denied, please contact us before incurring any costs in responding to this request.  We ask that you provide your responses electronically, if possible, and on a rolling basis.  If you have any questions or wish to clarify any part of this request, please do not hesitate to contact Attorney Wesley Dyer at Wesley.Dyer@arb.ca.gov or 916-445-4299.  We look forward to receiving your response to this request within twenty (20) business days as required by FOIA.

Sincerely,

Steven S. Cliff, Ph.D
Deputy Executive Officer
California Air Resources Board

Exhibit C

| | |
|---|---|
| **From:** | admin@foiaonline.gov |
| **To:** | Dyer, Wesley@ARB |
| **Subject:** | FOIA Request EPA-HQ-2020-001821 Submitted |
| **Date:** | Thursday, December 19, 2019 6:05:37 AM |

---

**CAUTION: This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.**

This message is to confirm your request submission to the FOIAonline application: View Request. Request information is as follows:

- Tracking Number: EPA-HQ-2020-001821
- Requester Name: Steven Cliff
- Date Submitted: 12/10/2019
- Request Status: Submitted
- Description: See attached letter

| | |
|---|---|
| **From:** | foia_hq@epa.gov |
| **To:** | Dyer, Wesley@ARB |
| **Subject:** | Freedom of Information Act Request, EPA-HQ-2020-001821 |
| **Date:** | Thursday, December 19, 2019 6:12:45 AM |
| **Attachments:** | FOIA Request Assignment Letter.pdf |

**CAUTION: This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.**

12/19/2019

Steven Cliff
P.O. Box 2815
Sacramento, CA, 95812

Wesley.Dyer@arb.ca.gov

RE: Freedom of Information Request - EPA-HQ-2020-001821

Hello,

This letter concerns the above-mentioned Freedom of Information Act (FOIA) request, submitted to the U.S. Environmental Protection Agency (EPA), National FOIA Office (NFO) on 12/10/2019. You are seeking the following records: See attached letter.

Your FOIA request was assigned for processing. If you have any questions about the processing of your request, please contact the office mentioned below and reference your FOIA request tracking number EPA-HQ-2020-001821.

**Office of Air and Radiation FOIA Program:** You may contact OAR's Sabrina Hamilton at (202) 564-1083 or hamilton.sabrina@epa.gov.

If you need any further assistance or would like to discuss any aspect of your request, you may seek assistance from EPA's FOIA Public Liaison at hq.foia@epa.gov or call (202) 566-1667. You may also seek assistance from the Office of Government Information Services (OGIS). You may contact OGIS in any of the following ways: by mail, Office of Government Information Services, National Archives and Records Administration, 8610 Adelphi Road, College Park, MD 20740-6001; email: ogis@nara.gov; telephone: (202) 741-5770 or (877) 684-6448; or fax: (202) 741-5769. For all media inquiries, please contact press@epa.gov.

Sincerely,

Linda Person
National FOIA Office
U.S. Environmental Protection Agency

# Exhibit D



**UNITED STATES ENVIRONMENTAL PROTECTION AGENCY**
WASHINGTON, D.C. 20460

February 25, 2020

Mr.Steven Cliff
California Air Resources Board
P.O. Box 2815
Sacramento, California 95812

Re:      Freedom of Information Act Request EPA-HQ-2020-001821

Dear Mr. Cliff:

        This is in response to your Freedom of Information Act (FOIA) request to the U.S.
Environmental Protection Agency (EPA), seeking the following:

> 1.  All emissions analyses and other records regarding the U.S. Environmental
>     Protection Agency's (U.S. EPA) conclusion that revoking CARB's waiver of
>     federal preemption under the Clean Air Act for its zero-emission vehicle (ZEV)
>     regulations does not have any impacts on emissions of criteria pollutants or
>     effects on California's attainment of national ambient air quality standards
>     under the Clean Air Act, as stated, for instance, at 84 Fed. Reg.
>     51,310,51,337,51,353 (Sept. 27, 2019).

        Per your conversation with Mr. Karl Simon of my staff, the Office of Transportation and
Air Quality (OTAQ) has initiated the coordination of, search for and review of responsive records
in our files. The initial search has resulted in over 12,000 agency records.

        Pursuant to 40 C.F.R. § 2.104(d), an extension of time is necessary to respond to your
request.  Given the scope of your request, EPA anticipates the response will require significant
amount of EPA's resources and time to appropriately examine the voluminous amount of records
to complete your request.  In addition, we are coordination with multiple EPA offices having
substantial subject-matter interest.

        At this time, we are extending the due date until December 31, 2020.  Of course, we will
be working diligently on the request; and if possible, provide information on a rolling basis.  It is
possible that we may complete your request sooner and will inform you of any changes with the
timing of the completion of your request.

If you would like to modify or narrow your request so that it may be processed sooner, please contact me at meekins.tanya@epa.gov or 202-564-6002.

Additionally, you may seek assistance from EPA's FOIA Public Liaison at hq.foia@epa.gov or (202) 566-1667, or from the National Archives and Records Administration Office of Government Information Services (OGIS). You may contact OGIS in any of the following ways by email, ogis@nara.gov; telephone, (301) 837-1996 or (877) 684-6448; or fax, (301) 837-0348, or by mail, to:

> Office of Government Information Services
> National Archives and Records Administration, Room 2510
> 8610 Adelphi Road
> College Park, MD 20740-6001

Thank you for your patience as we continue to process your request.

Sincerely,

Tanya Meekins
FOIA Coordinator
Office of Transportation and Air Quality
Office of Air and Radiation

Exhibit E



Gavin Newsom, Governor
Jared Blumenfeld, CalEPA Secretary
Mary D. Nichols, Chair

March 16, 2020


Tanya Meekins
FOIA Coordinator
National FOIA Office
U.S. Environmental Protection Agency
1200 Pennsylvania Avenue, NW (2310A)
Washington, D.C. 20460

Re:     Freedom of Information Act Request EPA-HQ-2020-001821

Dear Ms. Meekins:

Thank you for your February 25, 2020, letter regarding the status of the Freedom of Information Act (FOIA) request submitted by the California Air Resources Board (CARB) on December 10, 2019[1] (EPA-HQ-2020-001821).  While we appreciate the update, your asserted extension of time until December 31, 2020, for the United States Environmental Protection Agency (U.S. EPA) to respond to the request is contrary to law and untenable.  Nonetheless, CARB is open to arranging an alternative timeline for U.S. EPA to respond to CARB's request and perhaps limiting the scope of the request.

While your letter references 40 C.F.R. § 2.104(d) as the basis for the extension, CARB presumes U.S. EPA meant to refer to 40 C.F.R. § 2.104(e) ("unusual circumstances").[2] FOIA enumerates only three situations constituting "unusual circumstances": (1) a need to search for or collect records from field offices or other separate agency facilities; (2) a need to search, collect, and examine a voluminous amount of distinct records; and (3) a need for consultation with another agency with a substantial interest in the request's determination or with intra-agency components with substantial subject-matter interest.  5 U.S.C. § 552(a)(6)(B)(iii).  Your letter notes anticipating a

---

[1] This request seeks:

> All emissions analyses and other records regarding the U.S. Environmental Protection Agency's (U.S. EPA) conclusion that revoking CARB's waiver of federal preemption under the Clean Air Act for its zero-emission vehicle (ZEV) regulations does not have any impacts on emissions of criteria pollutants or effects on California's attainment of national ambient air quality standards under the Clean Air Act, as stated, for instance, at 84 Fed. Reg. 51,310, 51,337, 51,353 (Sept. 27, 2019).

[2] Section 2.104(d) covers tolling a FOIA request.  Pursuant to this section, a FOIA request can be tolled once to seek clarification from the requester or as many times as necessary to resolve fee issues; neither situation currently exists here.

Tanya Meekins
March 16, 2020
Page 2

need "to appropriately examine [a] voluminous amount of records" and "coordinat[e] with multiple EPA offices having substantial subject-matter interest."

However, your letter then purports to unilaterally extend the time to respond to CARB's FOIA request to December 31, 2020. This does not comport with FOIA. A federal agency may not unilaterally extend the time to respond to a FOIA request under "unusual circumstances" for more than 10 working days. 5 U.S.C. § 522(a)(6)(B)(i). If "unusual circumstances" prevent a federal agency from responding to a FOIA request even beyond 10 additional working days, FOIA requires the agency to provide written notice to the requester that the request cannot be completed within the statutorily required 20-day period, and either allow the requestor to limit the scope of the request so that it can be timely completed or arrange with the requestor a mutually agreed upon time frame for responding to the request. 5 U.S.C. § 552(a)(6)(B)(ii). U.S. EPA has not done either of these things, and in fact has not engaged with CARB whatsoever; instead, U.S. EPA has sent a belated letter purporting to extend its statutorily prescribed deadline to over a year after the request was submitted, and vaguely suggesting that if CARB reduces the scope of its request in some manner, U.S. EPA may be able to process the request "sooner."

CARB, as a fellow public regulatory agency, is open to negotiating a reasonable alternative schedule of rolling productions in response to CARB's FOIA request. Upon receiving further information from U.S. EPA as to the types of records its initial search has yielded, CARB may also be able to limit the scope of its request. However, neither this letter in general nor this statement of willingness to discuss alternative arrangements are in any way intended, on their own, to extend U.S. EPA's time to respond or to agree to U.S. EPA's unilateral, untenable, and unlawful assertion of extended time to respond. CARB explicitly reserves its right to seek a court order compelling U.S. EPA to respond to CARB's request pursuant to 5 U.S.C. § 552(a)(6)(C), as well as other available remedies, and will still pursue exercising that right in the meantime.

We look forward to your prompt response. As before, please do not hesitate to contact Attorney Wesley Dyer at Wesley.Dyer@arb.ca.gov or 916-445-4299.

Sincerely,

Steven S. Cliff, Ph.D
Deputy Executive Officer
California Air Resources Board